UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

MICHAEL JOSE ROBERTS, #10178-087,

        Petitioner,

v.                                             Civil Action No. 2:18-CV-321

J. RAY ORMOND, Warden,

        Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Michael Jose Roberts ("Petitioner" or "Roberts") filed a pro sé habeas petition pursuant to 28 U.S.C. § 2241, seeking to have his Bureau of Prisons ("BOP") record altered so that he could be housed in a lower security facility during the remainder of his federal sentence for distributing heroin. Because Roberts's recent custody reclassification as a "minimum security inmate" has mooted his claims, the undersigned recommends that Respondent's Motion to Dismiss be GRANTED and that the Petitioner's habeas petition be DENIED and DISMISSED.

### I. STATEMENT OF THE CASE

On June 15, 2018, Roberts filed a Petition for Writ of Habeas Corpus, requesting that the Court order certain information contained in his BOP record be removed because it prejudiced his ability to obtain a better custody classification. The erroneous classification, he argued, prevented him from being able to transfer to a minimum security camp during the remainder of his sentence. Pet. (ECF No. 1 at 5–7).

On August 20, 2018, FCC Petersburg's Complex Case Management Coordinator "reduced Roberts's 'custody classification' to 'high' to make him a 'minimum security inmate' eligible for a camp." Mem. Supp. Mot. Dismiss (ECF No. 11 at 1). Once Roberts's security level

1

was reclassified to "minimum security," consideration of his potential transfer "to a lower level institution" was required. Mem. 1–2 (citing Ex. 3, BOP Program Statement P5100.07 ch. 7, p. 3) ("[I]f an inmate in a Low security level institution is reclassified to Minimum security, the case must be referred for transfer or application of a Management Variable.").

On September 17, 2018, Respondent filed a Motion to Dismiss for Lack of Jurisdiction, Mot. Dismiss (ECF No. 10), arguing that in light of his recent reclassification, Roberts had received his requested relief. Mem. 1. In his Memorandum, Respondent warned Roberts that if he chose to transfer to a camp at this point during his sentence, Roberts would "forfeit a reduction in his sentence" for his current participation in the RDAP program.[1] Mem. 2. Petitioner did not file a response, and the time to respond has since expired.

## II. ANALYSIS

The doctrine of justiciability recognizes that federal jurisdiction is proper over active cases or controversies. U.S. Const. art. III, § 2. Mootness, a subset of this doctrine, requires that such cases or controversies be "live" and that the parties possess "a legally cognizable interest in the [case's] outcome" so that such cases may be properly adjudicated. See Powell v. McCormack, 395 U.S. 486, 496 (1969). Where an "intervening factual . . . event[] effectively dispel[s] the case or controversy . . . the federal courts are powerless to decide the questions presented." Ross v. Reed, 719 F.2d 689, 693–94 (4th Cir. 1983). Such cases are rendered moot, and courts lack jurisdiction to decide them. Id.

Roberts's claim in his § 2241 habeas petition is moot because Roberts has already obtained his requested relief and no longer has a legally cognizable interest in the case's

---

[1] The Residential Drug Abuse Prevention Program ("RDAP") is a voluntary program created by the BOP to treat prisoners who have "treatable condition[s] of substance addiction or abuse." 18 U.S.C. § 3621(b)(5). Upon completion of the program, prisoners convicted of non-violent offenses may be eligible to receive up to a one year reduction in sentence, subject to the Treatment Coordinator's discretion. 18 U.S.C. § 3621(e)(2)(A)–(B); Lopez v. Davis, 531 U.S. 230, 233 (2001).

2

outcome. In his Petition, Roberts claimed that "erroneous," "incomplete, inaccurate," and "egregious information" in his BOP record disqualified him from obtaining a lower custody classification. Pet. (ECF No. 1 at 5). Specifically, he argued that the mention of the death of another in connection with his drug distribution charges, although not used to compute his guideline calculation, was preventing him from obtaining a better security classification. Pet. (ECF No. 1 at 4–5).

As a result of his custody reclassification on August 20, 2018, however, Roberts became a "'minimum security inmate' eligible for a camp," and his case required referral to evaluate transfer to a "minimum security level institution." Mem. (ECF No. 11 at 1–2) (citing Ex. 3, BOP Program Statement P5100.08 ch. 7, pp. 3, 8–9). Now that Roberts has become eligible to transfer to a minimum security camp, the relief he requested in his Petition has been obtained, and the court has no authority to provide any further relief. His claim has been rendered moot by the reclassification.

While two primary exceptions to the mootness doctrine exist, neither applies in this case. The first exception pertains to issues that are "capable of repetition, yet evade review." Spencer v. Kemna, 523 U.S. 1, 17 (1998). Such issues arise only where "(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." Id. (alterations in original) (internal quotation marks omitted) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 481 (1990)). Here, Roberts's claims satisfy neither of these criteria. First, his claims are not such that the duration between their introduction and expiration will *always* evade review. See id. at 18 (holding that the mootness exception did not apply because Petitioner had not shown that "the time between parole revocation and expiration of sentence is

always so short as to evade review"). And second, considering that petitioner received his desired reclassification despite the language contained in his BOP file, it is unlikely that he will be confronted with the same issue a second time. *See* Murphy v. Hunt, 455 U.S. 478, 482–83 (1982) (indicating that this prong of the exception requires that Petitioner show a "reasonable expectation" or "demonstrated probability" that he will be subject to the same course of events)).

The second exception is the "collateral consequences" doctrine. It applies frequently in habeas challenges where "some of the consequences of a felony conviction . . . remain, despite the fact that the defendant has been released from jail." Samsung Elecs. Co. v. Rambus, Inc., 398 F. Supp. 2d 470, 477 (E.D. Va. 2005) (quoting Horizon Bank & Trust Co. v. Massachusetts, 391 F.3d 48, 54 (1st Cir. 2004)). Because Roberts's petition did not challenge his underlying felony, and because he has received the security reclassification he requested, this exception does not apply.

Therefore, neither exception to the mootness doctrine applies, and Roberts's request that his BOP file be amended to exclude certain language he requested in his § 2241 petition is moot.

### III. RECOMMENDATION

Because Roberts's security reclassification made him eligible to transfer to a minimum security camp, there remains no active case or controversy, and the issue Roberts raised in his habeas petition is moot. Accordingly, the undersigned recommends that Respondent's Motion to Dismiss be GRANTED and that Roberts's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2441 be DENIED and DISMISSED as moot.

### IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk shall mail a copy of this Order to the petitioner and to counsel of record for the respondent.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

February 15, 2019

Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to:

**Michael Jose Roberts**
10178-085
Federal Correctional Complex
P.O. Box 1000
Petersburg, VA 23804-1000

And an electronic copy provided to:

**William B. Jackson**
United States Attorney's Office – Norfolk
101 West Main Street
Suite 8000
Norfolk, VA 23510

Fernando Galindo, Clerk

By_____
Deputy Clerk

_____, 2019